UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIM N. JONES<br><br>    Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES<br><br><br>    Defendants. | Civil Action: 07-CV-7391 (AKH) |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES

Defendant Equifax Information Services LLC, ("Equifax"), through counsel, for its answer and affirmative defenses to the Complaint, states as follows:

### JURISDICTION AND VENUE

1. To the extent that Plaintiff can maintain a federal cause of action, which Equifax denies, jurisdiction would be proper in this Court.

2. In response to Paragraph 2 of plaintiff's Complaint, Equifax admits that plaintiff purports to bring this Complaint for damages for alleged violations of the FCRA, all of which Equifax denies any liability.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's complaint.

**PARTIES**

4. Upon information and belief, Equifax admits the allegations contained in paragraph 4 of plaintiff's complaint.

5. Responding to the allegations contained in this paragraph of plaintiff's complaint, Equifax states that it is a foreign company and a credit reporting agency as defined by the FCRA.

**FACTUAL ALLEGATIONS**

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of plaintiff's complaint.

7. Responding to the allegations of paragraph 7 of plaintiff's complaint, defendant Equifax states that it received a dispute letter from plaintiff regarding Mercantile Adjustment Bureau.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of plaintiff's complaint.

9. Responding to the allegations of paragraph 9 of plaintiff's complaint, defendant Equifax states that it received a dispute letter from plaintiff regarding Mercantile Adjustment Bureau and JC Penny. Responding to the allegations of the second clause of paragraph 9 of plaintiff's complaint, defendant Equifax states that, in response to plaintiff's May 23, 2007 dispute, it sent a disclosure to plaintiff on June 21, 2007.

10. Responding to the allegations of paragraph 10 of plaintiff's complaint, defendant Equifax states that in plaintiff's June 29, 2007 dispute regarding Mercantile Adjustment Bureau and JC Penny, that plaintiff included a letter from JC Penny.

11. Equifax admits the allegations contained in this Paragraph.

## COUNT ONE

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of plaintiff's complaint.

13. Responding to the allegations of paragraph 13 of plaintiff's complaint, defendant Equifax states that it received a dispute letter from plaintiff regarding JC Penny.

14. Equifax admits the allegations contained in this Paragraph of Plaintiff's Complaint.

15. Equifax admits the allegations contained in this Paragraph of Plaintiff's Complaint.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of plaintiff's complaint.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of plaintiff's complaint.

18. Responding to the allegations of paragraph 18 of plaintiff's complaint, defendant Equifax states that it received a dispute letter from plaintiff regarding JC Penny and Mercantile Adjustment Bureau.

19. Responding to the allegations of paragraph 19 of plaintiff's complaint, defendant Equifax states that plaintiff's letter and the FCRA speak for themselves

20. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiff's complaint.

21. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiff's complaint.

22. Equifax denies the allegations contained in this Paragraph.

23. Equifax admits the allegations contained in this Paragraph of Plaintiff's Complaint.

Equifax denies that Plaintiff is entitled to the relief set forth in his prayer for relief or to any other relief from Equifax.

24. Equifax denies the allegations contained in this Paragraph.

## TRIAL BY JURY

25. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that plaintiff is entitled to request a jury trial in this Court.

## CAUSES OF ACTION

## COUNT 1.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. s 1681 et seq.

26. In response to Paragraph 26 of the Complaint, Equifax reinstates and reincorporates its answers and defenses to the foregoing paragraphs as though fully set forth herein.

27. Equifax denies the allegations contained in this Paragraph.

28. Equifax denies the allegations contained in this Paragraph.

29. Equifax denies the allegations contained in this Paragraph.

30. Equifax denies the allegations contained in this Paragraph.

## COUNT 2.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.  In response to Paragraph 31 of the Complaint, Equifax reinstates and reincorporates its answers and defenses to the foregoing paragraphs as though fully set forth herein.

32.  Equifax denies the allegations contained in this Paragraph.

33.  Equifax denies the allegations contained in this Paragraph.

Equifax denies that Plaintiff is entitled to the relief set forth in her prayer for relief or to any other relief from Equifax.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

1.  Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.  Some or all of Plaintiff's claims against Equifax may be barred by the applicable statute of limitations.

3.  Some or all of Plaintiff's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. §1681h(e).

4.  Plaintiff's damages, if any, were caused by his own acts or omissions, or the acts or omissions of third parties other than Equifax.

5.  Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. §1681n.

6.  Plaintiff's complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

7.  Any allegation of the complaint not expressly admitted is denied.

8.  Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

9.  Plaintiff has failed to mitigate her damages.

10. Equifax has complied with the provisions of the Fair Credit Reporting Act in its handling of Plaintiff's credit file, and is entitled to each and every defense afforded to it by that statute.

11. Equifax Information Services LLC maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

12. As a defense, Equifax asserts that some or all of plaintiff's claims are barred by qualified immunity.

Dated:  New York, New York

September 11, 2007

KING & SPALDING LLP

By: _____
Richard T. Marooney (RM 0276)
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
(212) 556-2242
RMarooney@KSLAW.com

Brian Olson, Esq.
KING & SPALDING LLP
1180 PEACHTREE STREET, N.E.
ATLANTA, GA 30309
Tel: (404) 215-5806
Fax: (404) 572-5172
Email: bjolson@kslaw.com

Counsel for Defendant Equifax
Information Services LLC