UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KIM N. JONES,                           )
                                        )
       Plaintiff,                   )
                                        )
-vs-                                    )    Civil Action: 07-CV-7391 (AKH)
                                        )
                                        )
                                        )
                                        )
EQUIFAX INFORMATION SERVICES ,          )
                                        )
                                        )
       Defendant.                   )
_____ )

### DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

In support of this motion to dismiss Plaintiff's complaint for want of prosecution pursuant to F.R.C.P. 41(b), Defendant Equifax Information Services LLC ("Equifax") shows as follows:

    1.    Plaintiff filed the instant lawsuit, against Equifax on August 20, 2007.

    2.    On October 19, 2007, this Court set the case down for a Case Management Conference to be held on December 14, 2007. The parties briefly communicated by telephone on or about November 24, 2007 regarding a 26(f) conference. (Declaration of Brian Olson, attached hereto as Exhibit A and hereinafter referred to as the "Olson Declaration", paragraph 3). In preparation for the December 14, 2007 hearing, Equifax's counsel attempted to contact Plaintiff on several occasions in order to discuss settlement and preparation of the Parties' Report, but was unable to contact her. (Olson, Declaration, paragraph 4). After being unable to contact Plaintiff, Equifax's counsel prepared the Parties Report and, again, attempted to contact Plaintiff so that a Report could be agreed upon prior to the Case Management Hearing. (Olson

4958890

Declaration, paragraph 5). However, Equifax's counsel was still unsuccessful in contacting Plaintiff. (Olson Declaration, paragraph 5). Voice messages left on Plaintiff's answering machine were not returned. (Olson Declaration, paragraph 5).

3. Finally, unable to contact Plaintiff in order to discuss settlement or discuss the Parties' report, Equifax's counsel requested that this Court grant a brief adjournment of the Case Management Conference. [Docket No. 9]. The adjournment was granted on December 12, 2007 and the Conference was reset for December 21, 2007. [Docket No. 9]. However, on December 14, 2007, Plaintiff appeared in Court and was notified by the Court that the Conference had been reset to December 21, 2007. (Olson Declaration, paragraph 6).

4. Prior to the December 21, 2007 hearing, Equifax's counsel and Plaintiff agreed and consented to request an adjournment of the December 21, 2007 Case Management Conference, and requested that the Conference be reset to January 18, 2008. (Olson Declaration, paragraph 7). This Court granted that request on December 14, 2007. [Docket No. 10].

5. Prior to the January 18, 2008 Case Management Conference Equifax's counsel, once again attempted, unsuccessfully, to contact Plaintiff in order to discuss settlement and the Parties' Report. (Olson Declaration, paragraph 8). Equifax's counsel called Plaintiff on January 13, 2008 and again on January 15, 2008 and left messages on Plaintiff's answering machine. (Olson Declaration, paragraph 8). Plaintiff never responded to any of these communications. (Olson Declaration, paragraph 8). Additionally, Equifax's counsel sent emails to Plaintiff, the latest of which was sent on January 15, 2008. (Olson Declaration, paragraph 9). Plaintiff never responded to any of these communications. (Olson Declaration, paragraph 9).

6. The January 18, 2008 Case Management Conference was attended by Equifax's local counsel, Jessica E. Rank. (Olson Declaration, paragraph 10). However, Plaintiff did not

4958890

appear at the Conference. (Olson Declaration, paragraph 10). Additionally, Equifax's counsel has not had any communications with Plaintiff for over six months. (Olson Declaration, paragraph 10).

7. Plaintiff has completely failed to prosecute this matter in a diligent and responsible manner and it should be dismissed. *Samman v. Conyers*, 231 F.R.D. 163, 167 (S.D.N.Y. 2005) (pro se plaintiff's refusal to advance litigation warranted dismissal of plaintiff's claims pursuant to Rule 41(b)).

WHEREFORE, Defendant requests that this motion be granted.

This 6th day of August, 2008.

                Respectfully submitted,
                KING & SPALDING LLP

                By: _____
                Brian J. Olson
                King & Spalding LLP
                1180 Peachtree Street
                Atlanta, Georgia 30309
                (404) 215-5806
                bjolson@KSLAW.com
                Counsel for Defendant Equifax
                Information Services LLC

4958890