# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kim N. Jones,<br><br>    Plaintiff,<br><br>v.<br><br>Equifax Information Services,<br><br>    Defendant. | **COURT FILE NO.:  07 CV 7391 (AKH)**<br><br>**AMENDED COMPLAINT** |

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS and DEMAND FOR JURY TRIAL.

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p(1).

2.  This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4.  Plaintiff Kim N. Jones (hereafter "Plaintiff") is a natural person who resides in the City of New York, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.  Defendant Equifax (hereafter "Defendant") is a credit reporting agency operating from an address of 1550 Peachtree St., Atlanta, GA 30309 and is a "credit reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

6.    On or about May 23, 2007, Plaintiff obtained a copy of her "credit report" as that term is defined by 15 U.S.C. § 1681a(d).

7.    On or about May 23, 2007 and upon review of credit report, Plaintiff sent a letter to the Defendant disputing the tradeline for Mercantile Adjustment Bureau and requesting an investigation as per 15 U.S.C. § 1681i(a)(1)(A).

8.    On or about May 29, 2007, Plaintiff received notification from the U.S. Postal Service that the Defendant had received the letter.

9.    On or about June 29, 2007, after not receiving a response within the 30 days as per 15 U.S.C. § 1681i(a)(1)(A), Plaintiff sent a second letter to the Defendant requesting investigation of the Mercantile Adjustment Bureau tradeline and an investigation of the JC Penney tradeline as per 15 U.S.C. § 1681i(a)(1)(A).

10.    The June 29, 2007 letter sent to the Defendant also contained a copy of a letter from JC Penney dated March 10, 2006, that clearly indicated that JC Penney had requested deletion of the JC Penney tradeline in 2006.

11.    On or about June 30, 2007, Plaintiff received a response from the Defendant dated June 21, 2007, which stated that the tradeline for Mercantile Adjustment Bureau had been verified and the account status was now updated to "Paid in full."

12.    On July 2, 2007 Plaintiff sent a letter to Mercantile Adjustment Bureau disputing the tradeline per the instructions of the Defendant.

13.     On or about July 17, 2007, after not receiving confirmation from the U.S. Postal Service that the June 29, 2007 letter was received by the Defendant, the Plaintiff sent a second letter to the Defendant asking that the tradeline for JC Penney be removed.

14.     Sometime after July 17, 2007, Plaintiff received a response from the Defendant dated July 10, 2007, which stated that the tradeline for Mercantile Adjustment Bureau was in effect verified and showing paid in full and that the tradeline was to remain on the credit report for seven years.

15.     The same response dated July 10, 2007 also stated that the JC Penney account was in effect verified and showing as paid in full and would be deleted in 10 years.

16.     On or about July 26, 2007, Plaintiff contacted Mercantile Adjustment Bureau via telephone and was provided information that directly contradicted the claims of the Defendant.

17.     On or about July 27, Plaintiff sent a second letter to Mercantile Adjustment Bureau per the instructions of Defendant's written response dated July 10, 2007.

18.     On or about July 27, 2007, Plaintiff sent a letter to the Defendant asking for the removal of the JC Penney tradeline and requesting the Defendant to provide the method of verification of the Mercantile Adjustment Bureau tradeline as per 15 U.S.C. § 1681i(a)(6)(B)(iii).

19.     The July 27, 2007 letter sent to the Defendant clearly indicated the timeframe the Defendant had to comply with the request per 15 U.S.C. § 1681i(a)(7).

20.     On or about July 30, 2007, Plaintiff received notification from the U.S. Postal Service that the Defendant had received the letter.

21.    On or about August 13, 2007 Plaintiff contacted Mercantile Adjustment Bureau via telephone to clarify the contradictory information received from the earlier telephone call on July 26, 2007.

22.    On August 14, 2007, the deadline for the Defendant to comply with 15 U.S.C. § 1681a(7) expired without the Defendant having provided the method of verification as per 15 U.S.C. § 1681a(7).

23.    On or about August 16, 2007, Plaintiff purchased a copy of her credit report directly from the Defendant's website.

24.    The credit report retrieved on August 16, 2007 still contained the disputed tradeline for Mercantile Adjustment Bureau in violation of the law.

25.    On or about September 22, 2007, Plaintiff attempted to access her FICO credit score. However, Plaintiff was prohibited from accessing the credit score because the Defendant would not allow any external party to access the credit file.

26.    On or about September 27, 2007, Plaintiff wrote a letter to the Defendant requesting that the "block" on her credit file be lifted.

27.    On or about September 30, 2007, Plaintiff attempted to access her FICO credit score. However, Plaintiff was prohibited from accessing the credit score because the Defendant would not allow any external party to access the credit file.

28.    On or about October 1, 2007, Plaintiff received notification from the U.S. Postal Service that the Defendant had received the letter.

29.    On or about October 6, 2007, Plaintiff attempted to access her FICO credit score. However, Plaintiff was prohibited from accessing the credit score because the Defendant would not allow any external party to access the credit file.

30. On or about October 13, 2007, Plaintiff attempted to access her FICO credit score. However, Plaintiff was prohibited from accessing the credit score because the Defendant would not allow any external party to access the credit file.

31. After monitoring the situation for numerous weeks, Plaintiff became aware that the Defendant had placed a "freeze" on her credit report, officially preventing external creditors, credit monitoring services, and credit scoring agencies from accessing the credit file.

32. The "freeze" on the credit file impeded the Plaintiff's ability to apply for credit, to receive new credit, and to monitor her credit score.

33. On or about October 20, 2007, Plaintiff contacted the Defendant's attorney via telephone to demand the unrequested "freeze" be taken off of Plaintiff's credit file and to demand an end to the harassment.

34. The unrequested "freeze" of Plaintiff's credit file by the Defendant is a violation of 15 U.S.C. § 1681b as Plaintiff's election to apply for credit, monitor her credit file, and receive her credit score are all permissible purposes as defined by the FCRA.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681 et seq.

36.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.    The foregoing acts of the Defendant constitute multiple violations of the FCRA including, but not limited to, each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681 et seq.

38.    Defendant failed to adequately guarantee the accuracy of the credit report as required by 15 U.S.C. § 1681e(b).

39.    Defendant failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681i(a)(1)(A).

40.    Defendant failed to provide the method of verification with respect to the disputed information, as required by 15 U.S.C. § 1681i(a)(6)(B)(iii) and 15 U.S.C. § 1681i(a)(7).

41.    Defendant denied external parties with permissible purpose as granted by Plaintiff to access credit file information in violation of 15 U.S.C. § 1681b.

## COUNT II.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    The Defendant intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to confuse and mislead the Plaintiff, the purpose of

which was to systematically deny the Plaintiff the right to dispute the legitimacy and validity of a claimed debt.

44.    The Defendant attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) in an amount of $1,000.00;

- for an award of actual damages pursuant to 15 U.S.C. § 1681o(a)(1) in an amount of $5,000.00;

- for an award of punitive damages pursuant to 15 U.S.C. §1681n(a)(2) in an amount of $20,000.00;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) in an amount to be determined at trial.

## COUNT II.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

- for an award of actual damages from the Defendant for the emotional distress suffered as a result of the FCRA violations in an amount of $9,000.00.

Respectfully submitted,

Dated: November 5, 2007

By: _____
Kim N. Jones, Pro Se
340 W. 85th St., #422
New York, NY 10024
(212) 721-7092